United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40774
Summary Calendar
_____

STEPHEN MYLETT,

                                    Plaintiff-Appellant,

versus

CITY OF CORPUS CHRISTI; PETE ALVAREZ, Chief of Police,
Individually and in His Official Capacity

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-239
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Stephen Mylett ("Mylett"), a lieutenant with the Corpus

Christi Police Department, appeals the district court's grant of

summary judgment to Defendants City of Corpus Christi and Pete

Alvarez ("Alvarez"), Chief of Police, on Mylett's claims of

discrimination and retaliation under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1983.[2]  We review an order granting summary judgment *de novo.  Pratt v. City of Houston*, 247 F.3d 601, 605-06 (5th Cir. 2001).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c). For the reasons that follow, we affirm the district court's judgment.

To survive a motion for summary judgment on a Title VII claim, a plaintiff must present a *prima facie* case of discrimination or retaliation.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).  A *prima facie* case of discrimination requires a plaintiff to show (1) he is a member of a protected group, (2) he was qualified for the position at issue, (3) his employer took an adverse employment action against him, and (4) he was replaced by someone not a member of his protected group or he was treated less favorably than others similarly-situated to him.  *See McDonnell Douglas*, 411 U.S. at 802.  To establish a *prima facie* case of retaliation, a plaintiff must show (1) he participated in activity protected by Title VII, (2) his employer took an adverse employment action against him,

---

[2] Mylett also sued under 42 U.S.C. § 1981 and the Texas Commission on Human Rights Act, but he does not appeal the district court's grant of summary judgment on those claims.  *See Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 n.4 (5th Cir. 2003) (holding that claims not briefed on appeal are deemed waived).

and (3) a causal connection exists between the protected activity and the adverse employment action. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). A *prima facie* case raises an inference of discrimination or retaliation, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *See Pratt*, 247 F.2d at 606. If the defendant presents such a reason, the plaintiff must offer evidence that the proffered reason is a pretext for discrimination or retaliation. *See id.*

Where, as here, § 1983 is used as a parallel remedy for Title VII violations, the summary judgment analysis under the two statutes is the same. *See Patel v. Midland Mem. Hosp. & Mem. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002).

Mylett alleges that he was discriminated against based on his race (Caucasian) and that he was retaliated against for giving negative testimony about Alvarez in another officer's civil rights trial. The district court found that Mylett did not suffer an adverse employment action and that he failed to provide evidence that any actions taken against him were motivated by discriminatory or retaliatory intent. We find that Mylett did not face any adverse employment actions, so he failed to make a *prima facie* case under either statute.[3]

---

[3] We therefore need not address whether Mylett offered any evidence of discrimination or retaliation. We also do not address Alvarez's argument that he is entitled to qualified immunity, as the district court did not address it, Alvarez did not designate it as an issue on cross-appeal, and it is not

The broadest definition of an adverse employment action includes hires, refusals to hire, discharges, promotions, refusals to promote, demotions, compensation decisions, and formal reprimands.[4]  *See Sharp*, 164 F.3d at 933; *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997).  Mylett argues that he faced the following eight adverse employment actions: (1) refusal to promote, (2) written and verbal reprimands, (3) demotion, (4) denial of prestigious positions, (5) denial of positions with financial benefits, (6) oppressive changes of work hours for no legitimate reason, (7) denial of day shifts granted to all other lieutenants on light duty, and (8) humiliation.  He also argues that even if none of these items qualify individually, together they constitute an adverse employment action.  We find that the first five actions are mischaracterized and are not supported by the record.  The last three are not adverse employment actions.  We further find that all eight together do not constitute an adverse employment action.

_____

necessary to our holding.

[4] The definition of an adverse employment action may be broader under § 1983 than it is under Title VII.  *See Sharp v. City of Houston*, 164 F.3d 923, 933 n.21 (5th Cir. 1999).  Mylett brought claims under both statutes.  As we find that Mylett faced no adverse employment action under even the broadest definition of the term, we need not differentiate between the definitions here.

Mylett's promotion was delayed, not denied.[5]  A delay in promotion is not an adverse employment action where any increase in pay, benefits, and seniority are awarded retroactively.  *See Benningfield v. City of Houston*, 157 F.3d at 378 (5th Cir. 1998). The district court found that Mylett received retroactive pay, benefits, and seniority,[6] so the delay was not an adverse employment action.

Formal reprimands may constitute adverse employment actions,[7] but, absent evidence that they are "anything more than mere criticisms," verbal reprimands do not.  *Id*. at 377 (finding that accusations of stealing criminal history records and attempting to sabotage the fingerprint identification system were "mere accusations" and not adverse employment actions under § 1983).  We find that Mylett's reprimands, including an email Alvarez sent to the division that was critical of Mylett's performance, constituted criticism, not formal reprimands, so Mylett has not shown an adverse employment action.

---

[5] To the extent Mylett's claimed "refusal to promote" relates to the denial of an official promotion ceremony with his family in attendance, it is clearly not an adverse employment action.

[6] Offering no evidence to contradict the district court's finding, Mylett avers that the promotion was "made retroactive in pay only and for an insufficient period."  Absent reference to any evidence in the record, this assertion is entirely unsupported, and we adhere to the district court's finding.  *See Callon*, 351 F.3d at 207 n.1.

[7] Although formal reprimands may not be adverse employment actions under Title VII, they qualify under § 1983.  *See Sharp*, 164 F.3d at 933 n.21.

Mylett concedes that he was not actually demoted but transferred to the "duty desk" in what was technically a lateral transfer. At least for purposes of § 1983, however, a transfer may be considered the functional equivalent of a demotion and qualify as an adverse employment action if the new position is "objectively worse." *See Sharp*, 164 F.3d at 933. Mylett claims that the duty desk was objectively worse than both his previous regular duty position and other light duty jobs. His assignment to the duty desk, however, was a temporary one (approximately one year) to accommodate his need for a light duty position following an injury. "Undesirable work assignments are not adverse employment actions." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 555 (5th Cir. 1997). Although there may be circumstances in which a temporary assignment is the functional equivalent of a demotion, we do not find such circumstances here.

Mylett offered no evidence to support his claim that he was denied a promotion after his assignment to the duty desk. The district court found that the more prestigious and lucrative positions for which Mylett applied either did not exist or were already filled when he applied. Mylett has not refuted these findings. If a position is not available, an employee has no actionable claim for not being promoted. *See Mills v. Int'l Brotherhood of Teamsters*, 634 F.2d 282, 285 (5th Cir. 1981).

It is well established that Mylett's last three claimed injuries – oppressive change of hours, denial of particular

shifts, and humiliation (including countermanding Mylett's orders in front of his subordinates and characterizing him as a liar) – are not adverse employment actions. *See, e.g., Benningfield*, 157 F.3d at 377 (holding that changes in work hours, denials of requested shifts, accusations of theft and sabotage, and undermining an employee's performance by preventing people from speaking to her are not adverse employment actions); *Webb v. Cardiotoracic Surgery Assocs. of N. Tex.*, 139 F.3d 532, 540 (5th Cir. 1998) (holding that rude and uncivil treatment is not an adverse employment action).

Mylett's argument that the sum of these actions violate Title VII and § 1983 also fails. A "campaign of retaliatory harassment" is actionable only where it constitutes "a constructive adverse employment action." *Colson v. Grohman*, 174 F.3d 498, 514 (5th Cir. 1999) (citing *Sharp*, 164 F.3d at 934 as an example of a constructive demotion). We find that these actions, even in the aggregate, do not constitute an adverse employment action. *Cf. Benningfield*, 157 F.3d at 377.

Mylett did not suffer an adverse employment action. He therefore failed to make a *prima facie* case of discrimination or retaliation under Title VII or § 1983. The district court's order granting summary judgment is therefore

AFFIRMED.