United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 06-20824

(Summary Calendar)

_____

FRED M PLEASANT,

Plaintiff-Appellant,

versus

HOUSTON WORKS USA,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
4:06-CV-1562

_____

Before KING, HIGGINBOTHAM, , and GARZA, Circuit Judges.

PER CURIAM:[*]

Fred Pleasant ("Pleasant") filed this suit against his former employer, Houston Works,

USA ("Houston Works"), alleging that Houston Works terminated his employment because

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Pleasant appeals an order of the district court granting Houston Works's motion to compel arbitration and dismissing Pleasant's complaint. We affirm.

Houston Works is a non-profit workforce development organization that assists underprivileged individuals with job placement, continuing education, and vocational training. Houston Works maintains a mandatory Employment Dispute Resolution Program (the "EDR Program") that applies to all of its employees. The EDR Program "incorporates two steps: (1) Open Door, and (2) Arbitration." The Open Door step is an informal means of dispute resolution that encourages the employee to raise any work-related matter, either verbally or in writing, first with his direct supervisor. If after discussing the problem with his supervisor the employee still feels that further review is necessary, he is authorized to take his dispute to the next highest manager or supervisor in his chain of command and, thereafter, to the Houston Works Human Resource Manager. The EDR Program specifically states that "Houston Works will not retaliate against any employee for using the Open Door."

If Houston Works and the employee are unable to resolve a dispute through the Open Door process, the EDR Program provides for mandatory arbitration. The arbitration clause in the EDR Program states as follows:

> Any and all claims, disputes, or controversies arising out of or relating to your employment . . . and/or the cessation of your employment must be resoled exclusively by final and binding arbitration administered by the American Arbitration Association ("AAA") under its National Rules for Resolution of Employment Disputes. All employment related claims against Houston Works and its supervisors, managers, employees, agents, representatives, officers, and directors . . . must be submitted to arbitration for final and binding resolution, including, but not limited to claims for: . . . discrimination or harassment on the basis of race, sex, age, national origin, religion,

disability, or any other unlawful basis; breach of contract; unlawful retaliation; [and] wrongful discharge . . . . Binding arbitration shall be the sole and exclusive remedy for the resolution of all such claims.

The EDR Program further explains that if the employee "file[s] a lawsuit arising out of or related to your employment or cessation of [his] employment, Houston Works will use the EDR Program in support of its request to a court to dismiss the lawsuit and require [the employee] instead to participate in arbitration of the dispute."

On April 25, 2005, the manager of Houston Works's Reliant Park location, Dale Hawn ("Hawn"), hired Pleasant to work as an Employment Counselor. As a condition of his employment with Houston Works, Pleasant was required to agree to be bound by the EDR Program. Pleasant received a copy of the EDR Program, which he signed immediately below the following text:

Your agreement to the application of the EDR Program to employment disputes is a condition of your accepting employment and/or continuing employment with Houston Works. . . . Under the EDR Program, both Houston Works and you surrender rights to engage in civil litigation and to have a trial by a judge and/or jury of any dispute.

I have read and understand the contents of the EDR Policy.

On August 15, 2005, Pleasant reported that two men attempted to rob him in the Houston Works parking lot. As a result of Pleasant's report, Hawn held an employee meeting two days later, during which he attempted to review safety issues. According to Hawn, Pleasant interrupted him and, in an inappropriate and disruptive manner, argued that measures suggested by Hawn were inadequate. According to Pleasant, when he spoke up at the meeting to make specific suggestions about improving workplace security, Hawn replied that he "would gladly accept [Pleasant's] resignation right then" if Pleasant did not like Hawn's

suggestions. Following the meeting, Pleasant lodged with Houston Works's Employee Relations Manager, Art Torres ("Torres"), both verbal and written complaints detailing his safety concerns and asserting that Hawn had refused to provide him with an "Open Door" to air his concerns. Later that afternoon, Hawn terminated Pleasant's employment. According to Hawn, the decision to discharge Pleasant was "based on his poor work performance and his inappropriate, argumentative, and disruptive conduct both in connection with [an August 9, 2005 customer complaint] and in the August 17, 2005 morning meeting."

Pleasant subsequently filed the present lawsuit, in which he alleges that Houston Works discharged him because of his race in violation of Title VII and § 1983. Houston works promptly filed a Motion to Dismiss and Compel Arbitration under the Federal Arbitration Act ("FAA"), arguing that Pleasant's claims were subject to the binding arbitration clause contained in the EDR Program. In response, Pleasant asserted that because Houston Works failed to provide him with an "Open Door" to air his grievances, as the EDR Program required, he was excused from performing his obligation to arbitrate. The district court disagreed, dismissed Pleasant's complaint, and ordered the case to arbitration. After the district court denied his motion for reconsideration, Pleasant timely filed a notice of appeal.

We review a district court's grant of a motion to compel arbitration *de novo*. *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003) (citing *Webb v. Investacorp*, 89 F.3d 252, 257 (5th Cir. 1996)). "In adjudicating a motion to compel arbitration under the [FAA], courts generally conduct a two-step inquiry." *Webb*, 89 F.3d at 257-58. First, the court must determine "whether the parties agreed to arbitrate the dispute in question." *Id.* at 258

-4-

(citations omitted). "This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* If the court finds that the parties agreed to arbitrate the dispute, the court must then consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* (internal quotation marks and citations omitted).[1]

Pleasant does not dispute that he agreed with Houston Works to arbitrate all disputes related to his employment, including the discriminatory discharge claims asserted in this lawsuit. In fact, Pleasant unequivocally concedes that "there is evidence that he executed a valid arbitration agreement" with Houston Works. Pleasant nevertheless contends that the arbitration clause is unenforceable due to Houston Works's alleged breach of its obligations under the EDR Program. Specifically, Pleasant argues that "[his] obligation to submit any dispute to binding arbitration was conditioned on [Houston Works] permitting [him] to use the 'Open Door' step without retaliation." Because Houston Works's failure to perform its obligations under the Open Door provision was a material breach of the EDR Program, Pleasant argues, he should be excused from his agreement to submit the present dispute to binding arbitration. Houston Works responds that whether the arbitration clause is unenforceable due to a breach of another provision of the EDR Program is for the arbitrator, not the court, to decide. We agree.

---

[1] Pleasant concedes in his brief that this case hinges on first step of the *Webb* inquiry and, hence, that the court need not address the second step of the inquiry. Moreover, he does not challenge the arbitrability of Title VII and § 1981 claims generally. *See Rojas v. T.K. Commc'ns, Inc.*, 87 F.3d 745, 747-48 (5th Cir. 1996) (holding that Title VII claims are subject to mandatory arbitration agreements).

"[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1209 (2006). Because "[a] federal court can only adjudicate challenges to 'the making and performance of the agreement to arbitrate,' not challenges to the enforceability of the contract as a whole," *Mun. Energy Agency of Miss. v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 87 S. Ct. 1801, 1806 (1967)), challenges to the enforceability of a contract containing an arbitration clause are determined by the arbitrator, *see Cardegna*, 126 S. Ct. at 1210. *See also Will-Drill Res., Inc. v. Samson Res., Co.*, 352 F.3d 211, 218 (5th Cir. 2003) ("[W]here parties have formed an agreement which contains an arbitration clause, any attempt to dissolve that agreement by having the entire agreement declared voidable or void is for the arbitrator. Only if the arbitration clause is attacked on an independent basis can the court decide the dispute; otherwise, general attacks on the agreement are for the arbitrator.") (footnotes omitted); *accord John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1098 (11th Cir. 2003) (per curiam) ("[O]nce the court is satisfied that the parties actually agreed to arbitrate the dispute, it is for the arbitrator to decide whether the contract containing the valid agreement to arbitrate is itself enforceable.").

In this case, there is no dispute that Houston Works and Pleasant executed a valid agreement to arbitrate all disputes arising out of or relating to Pleasant's employment. Accordingly, it is for the arbitrator, not the district court, to decide whether the EDR Program in which the arbitration clause is embedded is enforceable. If Pleasant wishes to pursue the argument that Houston Works's alleged breach of the Open Door provision

-6-

excuses his compliance with the arbitration clause, he must address the argument to the arbitrator.

Because the parties agreed to arbitrate the discriminatory discharge claims asserted in this lawsuit, the district court properly granted Houston Works's motion to dismiss and compel arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1999) ("Because it determined that all of Alford's claims were subject to arbitration, the district court acted within its discretion when it dismissed this case with prejudice.").

We AFFIRM.