**TEXAS EDUCATION AGENCY**
**et al., Appellants,**

**v.**

**Larry MAXWELL et al., Appellees.**

**No. 11–95–234–CV.**

Court of Appeals of Texas,
Eastland.

Jan. 2, 1997.

Rehearing Overruled Feb. 20, 1997.

Robert O'Keefe, John Owens, Assistant Attorney General, General Litigation Division, Toni Hunter, Chief General Litigation Division, Dan Morales, Attorney General, Austin, for Appellants.

Cactus Jack Cagle, Cagle & Associates, Albert M. Hassler, II, Smith & Hassler, Houston, David M. Gunn, Rothenberg & Gunn, Bellaire, Kelly Shackelford, The Rutherford Institute, Dallas, for Appellees.

Before ARNOT, C.J., DICKENSON, J., and McCLOUD, Senior Justice.*

ARNOT, Chief Justice.

This case involves the constitutionality of former TEX.EDUC.CODE § 35.030 (1993) and the right of parents to view the Texas Assessment of Academic Skills (TAAS) tests which are given to their children in the public school system. Larry Maxwell and several parents of children attending public schools in Texas (plaintiffs) sued the Texas Education Agency; the Texas State Board of Education; Keith Cruse, the Director of Student Assessment at the Texas Education Agency; and Lionel "Skip" Meno, the Com-

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting     by assignment.

missioner of Education (defendants).[1] Plaintiffs asserted various causes of action for violations of their constitutional rights and a cause of action for negligence. Plaintiffs sought declaratory relief, injunctive relief, monetary damages, and attorney's fees.

The trial court found that Section 35.030 "unconstitutionally infringes upon the fundamental right of parents to direct the upbringing and education of their children." The trial court's judgment provides:

> Defendants are enjoined from administering the TAAS test to Texas students unless they provide parents of such students the opportunity to view a true and correct copy of the test after it has been administered and graded.

The trial court stayed the enforcement of its judgment pending appeal. No monetary damages or attorney's fees were awarded. We vacate in part, and we reverse and remand in part.

■ In their sole point of error, defendants argue that the trial court erred in finding a violation of plaintiffs' right to direct the upbringing and education of their children under the fourteenth amendment of the U.S. Constitution. In two cross-points, plaintiffs argue that the trial court erred in failing to award attorney's fees and in failing to find a violation of their right to the free exercise of religion under the first amendment of the U.S. Constitution.

TAAS tests are given to public school students statewide to assess competencies in reading, writing, mathematics, social studies, and science. Students must take an exit-level TAAS test and satisfy the minimum expectation on the test in order to receive a high school diploma. At the time of trial, the

tests and the test questions were kept confidential. Parents were not allowed to look at the tests at any time. Former Section 35.030,[2] which was in effect at the time of trial, provided the basis for refusing to allow parents to see the tests.

Section 35.030 provided in part:

> In adopting academic skills assessment instruments under this subchapter, the State Board of Education or a local school district shall ensure the security of the instruments and tests in their preparation, administration, and grading.... [T]he assessment instruments [tests] or assessment instrument items [questions] are confidential.

However, subsequent to the trial court's judgment in this case, the legislature repealed Section 35.030 effective May 30, 1995.[3] The constitutionality of Section 35.030 is now a moot issue, and any ruling as to its validity would be advisory.[4] *Diffenderfer v. Central Baptist Church of Miami, Florida*, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972); *Methodist Hospitals of Dallas v. Texas Workers' Compensation Commission*, 874 S.W.2d 144 (Tex.App.—Austin 1994, no writ); *Texas Education Agency v. Stamos*, 817 S.W.2d 378, 383 (Tex.App.—Houston [1st Dist.] 1991, writ den'd); *State v. Gibson Products Company, Inc.*, 699 S.W.2d 640 (Tex.App.—Waco 1985, no writ); *Texas Department of Health v. Long*, 659 S.W.2d 158 (Tex.App.—Austin 1983, no writ). We hold that the issues urged in defendants' sole point of error and in plaintiffs' second cross-point of error are moot.

■ We cannot dismiss the appeal as moot, however, because there is a "live" con-

---

1. Mike Moses, present Commissioner of Education, has been substituted as a party on appeal. TEX.R.APP.P. 9.

2. At the time the pleadings were filed, former TEX.EDUC.CODE § 21.556 (1989) was the applicable statute.

3. We note that, at the same time, the legislature enacted TEX.EDUC.CODE ANN. § 39.021 et seq. (Vernon Pamph.1996). Under Section 39.023(d), the questions and answer keys to each test must be released after it has been administered for the last time during a school year. However, to ensure a valid bank of questions for

future use, field-test questions that are not used to compute a student's score are not required to be released. The validity of this statute is not an issue in this appeal.

4. We note that the trial court also found that TEX.GOV'T CODE ANN. § 552.122 (Vernon Supp.1997) *"as applied in this case* to prohibit parents from viewing the Test after it has been administered and graded" was unconstitutional. (Emphasis in original) The repeal of Section 35.030 also moots any issue concerning Section 552.122 as it applies in this case.

troversy concerning attorney's fees. *Camarena v. Texas Employment Commission,* 754 S.W.2d 149 (Tex.1988). In their first cross-point, plaintiffs contend that the trial court erred in failing to award attorney's fees under 42 U.S.C.A. § 1988 (West 1994). We liberally construe plaintiffs' argument on appeal to be an attack on the trial court's failure to conduct a hearing regarding attorney's fees as well as an attack on the trial court's failure to award the fees. TEX. R.APP.P. 74(d) and (p); *Anderson v. Gilbert,* 897 S.W.2d 783 (Tex.1995); *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943).

The record in this case shows that the trial court intended to "bifurcate" the trial. On August 30 and 31, 1994, the trial court heard testimony and argument concerning only the constitutionality of the statute. The trial court stated that it would hold another hearing to determine the amount of appropriate damages if it found that the statute was unconstitutional. According to the docket sheet, the case remained "under advisement" until judgment was rendered. The trial court rendered judgment without conducting the second portion of the "bifurcated" trial. In their motion to modify the judgment, plaintiffs complained of the trial court's failure to award attorney's fees and requested a hearing to determine the amount of the fees. The motion was overruled by operation of law. TEX.R.CIV.P. 329b.

Section 1988 provides in part that a prevailing party in a suit to enforce 42 U.S.C.A. § 1983 (West 1994) may receive "a reasonable attorney's fee as part of the costs." The Supreme Court has ruled that, if the plaintiff prevails in such a suit, attorney's fees "should be awarded as costs 'unless special circumstances would render such an award unjust.'"[5] *Kentucky v. Graham,* 473 U.S. 159, 164, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). Because the trial court issued an injunction upon finding that former Section 35.030 deprived plaintiffs of their constitutional rights, the plaintiffs were prevailing parties in an action under Section 1983.

Therefore, plaintiffs should have been awarded reasonable attorney's fees unless "special circumstances" existed.

We hold that the trial court abused its discretion in failing to consider the issue of attorney's fees and in rendering judgment denying attorney's fees without giving plaintiffs the opportunity to present evidence on the issue. We reverse the judgment of the trial court insofar as it refused to award attorney's fees; and we remand the cause for a hearing on that issue. TEX.R.APP.P. 81(b)(1) and (c). The trial court is instructed to conduct a hearing so that it can determine the amount of reasonable attorney's fees and to make a determination whether to award the fees or whether "special circumstances" exist. Cross-point of Error No. 1 is sustained.

The injunction is vacated and set aside as moot. The judgment of the trial court insofar as it refused to award attorney's fees is reversed; and the cause is remanded for a hearing.

---

**5.** We note that this rule applies even though defendants are not "persons" subject to liability under Section 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 72 n. 10, 109 S.Ct. 2304, 2312 n. 10, 105 L.Ed.2d 45 (1989).