ACCEPTED
03-15-00386-CV
7537320
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 1:23:41 PM
JEFFREY D. KYLE
CLERK

# No. 03-15-00386-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/26/2015 1:23:41 PM
JEFFREY D. KYLE
Clerk

**HARRIS COUNTY HOSPITAL DISTRICT,**
**Appellant,**

**v.**

**PUBLIC UTILITY COMMISSION OF TEXAS,**
**Appellee.**

### BRIEF OF APPELLEE
**Public Utility Commission of Texas**

By its Attorneys:

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection
Division

ELIZABETH R. B. STERLING
Assistant Attorney General
State Bar No. 19171100
elizabeth.sterling@texasattorneygeneral.gov

Environmental Protection
Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
512.463.2012
512.457.4616 (fax)

October 26, 2015

# Table of Contents

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Glossary.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . vi

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

      On remand, did the trial court properly sign a judgment without
      Section 15.003 fees?.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

The trial court properly granted final judgment without conducting any
hearing on the District's Section 15.003 request for fees.. . . . . . . . . . . . . . 6

      A.    The District never requested a hearing until *after* the final
            judgment was signed.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      B.    This Court's mandate did not require the trial court to
            conduct any § 15.003 fees hearing.. . . . . . . . . . . . . . . . . . . . . 8

      C.    This Court's opinion declined the District's request for
            Section 15.003 fees.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            1.    The District failed to assign the fees issue as error in
                 its first appeal.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            2.    The District misinterprets Footnote 6 in the Court's
                 first opinion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

3.  Section 15.003 does not authorize payment of fees to the District for attorneys and experts in this case... . . 15

    a.   The District's proceeding at the Commission does not fit within the terms of Section 15.003... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    b.   The District cannot be awarded attorney's fees and costs because the Legislature has neither created a regulation fund nor appropriated money for such a fund and has not waived the Commission's immunity... . . . . . . . . . . . . . . . . . . . . 16

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**APPENDICES**

Judgment of the Trial Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

Mandate from this Court in Docket No. 03-10-00647-CV. . . . . . . B

Judgment of this Court in Docket No. 03-10-00647-CV. . . . . . . . . C

# Index of Authorities

**Cases**                                                                          **Pages**

*Fed. Sign v. Tex. S. Univ.*,
     951 S.W.2d 401 (Tex. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

*Ford Motor Co. v. Butnaru*,
     157 S.W.3d 142 (Tex. App.—Austin 2005, no pet.. . . . . . . . . . . . .  14

*Harris Cnty. Hosp. Dist.   v. Pub. Util. Comm'n*,
     2012 WL 2989228 (Tex. App.—Austin July 13, 2012, no pet.)
     (mem. op., not designated for publication).. . . . . . . . . . . . .   v, 1, 3, 13

*Jay Petroleum, L.L.C. v. EOG Resources, Inc.*,
     332 S.W.3d 534 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 10

*Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*,
     923 S.W.2d 147 (Tex. App.—Austin 1996, writ denied). . . . . . . . . .  10

*State v. Anderson Courier Serv.*,
     222 S.W.3d 62 (Tex. App.—Austin 2005, pet. denied).  . . . . . .   12, 13

*Sw. Galvanizing, Inc. v. Eagle Fabricators, Inc.*,
     447 S.W.3d 473 (Tex. App.—Houston [14th Dist.] 2014, no pet.)
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Tex. Educ. Agency v. Maxwell*,
     937 S.W.2d 621 (Tex. App.—Eastland 1997, writ denied). . . . . . . .  12

*V-F Petroleum, Inc. v. A. K. Guthrie Operating Co.*,
     792 S.W.2d 508 (Tex. App.—Austin 1990, no writ). . . . . . . . . . . . .  9

*Valadez v. Avitia*,
     238 S.W.3d 843 (Tex. App.—El Paso 2007, no pet.). . . . . . . . .   11, 13

*Whitmire v. Greenridge Place Apartments*,
     333 S.W.3d 255 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd)
     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

# Index of Authorities (Cont'd)

**Pages**

**Statutes**

Tex. Gov't Code
  § 2001.174(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14
  §§ 2251.001-.055. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v, 1
  §§ 2260.001-.008.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Tex. Util. Code
  § 15.003.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v, 1, 16, 18
  § 15.003(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 14, 15
  § 39.903. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
  § 39.903(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
  § 39.903(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
  § 39.903(d)-(l). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
  § 56.021.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17
  §§ 11.01-66.016.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v
  §§ 56.001-.301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

**Other**

  Tex. H.B. 1, 84th Leg., R.S. (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

# Glossary

| | |
|---|---|
| ALJ | Administrative Law Judge at the State Office of Administrative Hearings |
| Commission | Public Utility Commission of Texas |
| Court's first opinion | *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV, 2012 WL 2989228 (Tex. App.—Austin July 13, 2012, no pet.) (mem. op. not designated for publication). |
| District | Harris County Hospital District |
| Docket 34332 Record | Administrative Record of Docket, which may be found among the items listed at [http://interchange.puc.state.tx.us/WebApp/Interchange/application/dbapps/filings/pgControl.asp?TXT_UTILITY_TYPE=A&TXT_CNTRL_NO=34332&TXT_ITEM_MATCH=1&TXT_ITEM_NO=&TXT_N_UTILITY=&TXT_N_FILE_PARTY=&TXT_DOC_TYPE=ALL&TXT_D_FROM=&TXT_D_TO=&TXT_NEW=true](http://interchange.puc.state.tx.us/WebApp/Interchange/application/dbapps/filings/pgControl.asp?TXT_UTILITY_TYPE=A&TXT_CNTRL_NO=34332&TXT_ITEM_MATCH=1&TXT_ITEM_NO=&TXT_N_UTILITY=&TXT_N_FILE_PARTY=&TXT_DOC_TYPE=ALL&TXT_D_FROM=&TXT_D_TO=&TXT_NEW=true) |
| Footnote 6 | *Harris Cnty. Hosp. Dist.*, 2012 WL 2989228 at *7 n.6. |
| Prompt Payment Act | Tex. Gov't Code §§ 2251.001–.055 |
| Public Utility Regulatory Act | Tex. Util. Code §§ 11.01–66.016 |
| Section 15.003 | Tex. Util. Code § 15.003. |

## Statement of the Case

This appeal comes after remand to the trial court in an administrative appeal of a complaint decided by the Public Utility Commission of Texas. The Commission agreed that this Court's mandate requires the case to be remanded to the Commission, but disagreed that the trial court was required to grant the Harris County Hospital District fees for attorneys and experts based on Section 15.003 of the Utilities Code.

## Statement Regarding Oral Argument

The Commission doubts that oral argument would be helpful to the Court in this case and, thus, has not requested it. But the District requested oral argument and, should the Court decide that it wants oral argument, the Commission asks to participate.

## Issue Presented

> On remand, did the trial court properly sign a judgment
> without Section 15.003 fees?

## Statement of Facts

The Harris County Hospital District continues to seek fees for attorneys and experts from the "regulation fund," which the Legislature has never created or funded in the 40 years since the language was included in the Public Utility Regulatory Act.  *See* Tex. Util. Code § 15.003.

This appeal concerns a complaint that the District filed with the Public Utility Commission eight years ago about overbilling by Southwestern Bell Telephone, LP d/b/a AT&T Texas (AT&T) going back to twenty years ago. *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV, 2012 WL 2989228 at *1 (Tex. App.—Austin July 13, 2012, no pet.) (mem. op. not designated for publication).  The District complained that AT&T had applied the terms of AT&T's tariff to determine late charges rather than applying the more generous terms of the Prompt Payment Act, Tex. Gov't Code §§ 2251.001-.055, to the District, a governmental entity.[1]

---

[1]    Tex. Pub. Util. Comm'n, *Complaint of Harris County Hospital District Against AT&T Texas*, Docket No. 34332, *available at* http://interchange.puc.state.tx.us/WebApp/Interchange/Documents/34332_1_551225.PDF (May 23, 2007 ) (District's Complaint) ("Complainant is not 'exempt' from late fees, rather  AT&T may only apply late fee as allowed by § 2251.")  This is part of the administrative record in this case and subsequent citations will be to "Docket 34332 A.R."  After this Court issued its judgment and mandate, the Clerk of the Court asked the Commission to pick up the administrative record.  Anticipating that the matter would be remanded to the Commission, the administrative record was returned to the agency.  Thus, it is no longer with the court.

1

The Commission agreed with the District that AT&T should have billed the District using the terms of the Prompt Payment Act rather than the late-payment provisions of its tariff.[2]  The Commission determined that the Prompt Payment Act and the Public Utility Regulatory Act were in conflict, but that the Prompt Payment Act controlled.[3]  Given the District's delay in bringing the case, however, the Commission awarded only one-half of the overcollected amounts.  The District appealed to a trial court in Travis County, Texas.  In that suit for judicial review, the District also asked to recover its fees for attorneys and experts under Section 15.003 of the Texas Utilities Code, a provision that has been in the Public Utility Regulatory Act since it was first adopted in 1975, but which has never been implemented or funded by the Legislature.  The trial court affirmed the Commission's order and made no mention of the Section 15.003 request.

On appeal to this Court, the District included a Section 15.003 request for fees in the prayer of its appellant's brief, but the brief contained no issue

---

[2]    Docket 34332 A.R. (July 16, 2008) (Order Denying Appeal of Order No. 19) *available at* http://interchange.puc.state.tx.us/WebApp/Interchange/Documents/34332_162_589871.PDF.

[3]    *Id*. ("PURA § 58.152's broad grant of pricing flexibility regarding late fees cannot be read in harmony with the [Prompt Payment Act]'s precise methodology for handling such fees.").

nor any argument or authority supporting that request.[4]  Although the District appeared to have waived any claim by its lack of an issue or argument and authorities, in an abundance of caution, the Commission included in its appellee's brief several arguments against such a request.[5] But the District's reply brief included no response.[6]  Thus, neither of the District's briefs included any issue or argument and authorities to support a Section 15.003 request for fees.

This Court's opinion held that the Commission was arbitrary and capricious to limit the refund to one-half of the overcharges.  *Harris Cnty. Hosp. Dist.*, 2012 WL 2989228 at *8.  The opinion addressed Section 15.003 only in its Footnote 6, stating:  "To the extent that the District seeks to have this Court order the Commission to adopt the ALJ's proposal for decision and to award it expert's fees and attorney's fees, we decline to do so."  *Id.* at *7 n.6 (citations omitted).

---

[4]  Brief of the Appellant Harris County Hospital District at 43, *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV (Mar. 7, 2011).

[5]  Brief of the Appellee at 42-44, *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV (May 13, 2011).

[6]  Appellant Harris County Hospital District's Reply to Brief of Appellee, *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV (Jun. 9, 2011).

The Court's mandate[7] reversed the trial court's judgment, and remanded the cause to the trial court "with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion." Although the mandate orders the Commission to pay court costs, there is no order about Section 15.003 fees for attorneys and experts. The judgment of the Court contains the same language.[8]

After remand, the trial court took no action for two years. Then the District filed two motions: 1) a motion to sever its claims for attorney and expert fees and costs and to abate the severed claim;[9] and 2) a motion to remand overbilling claims to the Commission.[10]

The Commission agreed with the District that the administrative appeal should be remanded to the Commission, but disagreed about the form of order the trial court should sign.[11] The Commission maintained that the

---

[7] The mandate states:
IT IS THEREFORE considered, adjudged and ordered that the judgment of the trial court is reversed, and that the cause is remanded to the trial court with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion. It is **FURTHER** ordered that the appellee pay all costs relating to this appeal, both in this Court and the court below; and that this decision be certified below for observance. C.R. at 87.

[8] Judgment Rendered July 13, 2012, *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10.00647-CV.

[9] C.R. at 114.

[10] *Id*. at 90.

[11] *Id*. at 123.

remand had to be a final judgment, not an interlocutory order. As to the motion to sever, the Commission opposed the District's motion to sever its claim for attorney's fees under Section 15.003 of the Utilities Code. In addition to the Commission's claims that the Section 15.003 claim was extinguished when this Court declined to grant the request, the Commission noted that, because Section 15.003 requires any fees to be awarded "in the same action," Tex. Util. Code § 15.003(a), the fee request could not be severed.

The trial court denied the motion to sever and signed a final judgment remanding the matter to the Commission.[12] The District appeals that judgment.

## Summary of the Argument

For several independent reasons, the trial court properly signed a final judgment remanding this case to the Commission without any hearing on Section 15.003 fees. The District did not ask the trial court to set fees on remand; instead, the District asked the trial court to sever and abate that request. More importantly, this Court's mandate in the prior appeal did not authorize the trial court to consider Section 15.003 fees. Instead, the

---

[12] C.R. at 149.

judgment and mandate ordered the trial court to remand the matter to the Commission—exactly what the trial court did.

Additionally, the District has no claim for Section 15.003 fees. That statute purports to allow certain parties to recover fees "against the regulation fund," but in the 40 years since the Legislature enacted the statute, the "regulation fund" has been neither created nor funded.

Even if such a fund existed, the District's claim would not fit within its terms. The District was not alleging that AT&T's rates were unreasonable, but that, for a governmental entity like the District,  the reasonable fees set by the Commission were superceded by a different statute—the Prompt Payment Act.

## Argument

**The trial court properly granted final judgment without conducting any hearing on the District's Section 15.003 request for fees.**

### A. The District never requested a hearing until *after* the final judgment was signed.

After this Court remanded the matter to the trial court, the District filed two motions, but neither of them requested a hearing on its Section 15.003 request for fees. Instead, the District asked the trial court to sever[13] its

---

[13]  C.R. at 114.

6

request into a different cause while remanding[14] the administrative appeal to the Commission. The Commission agreed that the matter needed to be remanded, but argued that the remand should be part of a final judgment and that no severance should be granted.[15] After a hearing on the District's two motions, the trial court signed a final judgment remanding the case to the Commission and denying the District's motion to sever.[16]

It was only after the trial court signed a final judgment that the District asked the trial court to conduct a hearing on its Section 15.003 request for fees, and then the request was conditioned on the trial court granting the District's motion for new trial.[17]

The District cannot complain that the trial court never conducted a Section 15.003 hearing when the District failed to timely request such a hearing.

---

[14]   *Id.* at 90.

[15]   *Id.* at 123.

[16]   *Id.* at 148.

[17]   C.R. at 151.

7

## B. This Court's mandate did not require the trial court to conduct any § 15.003 fees hearing.

Section 15.003 fees were beyond the scope of this Court's mandate in the prior appeal; the trial court had no authority to consider the issue on remand.

This Court's mandate authorized the trial court only to remand the matter to the Commission for consideration in light of the Court's opinion. The mandate states:

> **THIS CAUSE** came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was error in the trial court's judgment: **IT IS THEREFORE** considered, adjudged and ordered that the judgment of the trial court is reversed, and that the cause is remanded to the trial court with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion. It is **FURTHER** ordered that the appellee pay all costs relating to this appeal, both in this Court and the court below; and that this decision be certified below for observance.
>
> Wherefore, we command you to observe the order of our Court of Appeals in this behalf and in all things have the order duly recognized, obeyed, and executed.[18]

The only matter referenced in this Court's mandate is that the trial court remand the case to the Commission "for further proceedings consistent with this opinion." There is no mention of any claim for fees. Thus, conducting a hearing on Section 15.003 fees was beyond the trial court's

---

[18] C.R. at 87.

8

authority because it was beyond the scope of the mandate. "[W]hen a case is remanded to the district court with instructions, that court's authority is limited to trying only those issues specified in the appellate court mandate." *V–F Petroleum, Inc. v. A. K. Guthrie Operating Co.*, 792 S.W.2d 508, 510 (Tex. App.—Austin 1990, no writ.). The trial court "has no jurisdiction to review, interpret, or enforce [the appellate court's] mandate; it must observe and carry it out. Its orders carrying out the mandate are ministerial." *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd)(citing *Schliemann v. Garcia*, 685 S.W.2d 690, 692 (Tex. App.—San Antonio 1984, orig. proceeding)). The trial court would have violated this Court's mandate had it taken up the issue of Section 15.003 fees.

Contrary to the District's brief (District's Appellant's Br. at 10), this case is not similar to the procedural circumstances in *Jay Petroleum, L.L.C. v. EOG Resources, Inc.*, 332 S.W.3d 534, 540 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). That case turned on procedural rules concerning a summary judgment—rules that do not apply to this administrative appeal.

An administrative appeal raises legal questions about the agency's final order. Ultimately, the agency must issue a new order when a remand is required. But a summary judgment is different. Because it removes all or

part of a cause of action from a decision by the fact finder, reversing a summary judgment may merely mean that the cause of action or part of it must be decided by the fact finder—either the jury or the trial court itself. Cases where the appellate court can render judgment after reversing a summary judgment are limited. As this Court explained, "[b]efore an appellate court may reverse summary judgment for one party and render judgment for the other party, all parties must have sought final judgment relief in their cross-motions for summary judgment." *Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*, 923 S.W.2d 147, 152 (Tex. App.—Austin 1996, writ denied).

Attorney's fees were an issue on remand in *Jay Petroleum* because the lack of a cross motion on all claims made one party's causes of action live on remand after the Houston Court of Appeals reversed summary judgments. *Jay Petroleum*, 332 S.W.3d at 540 ("The mandate plainly reversed the [defensive] summary judgment on the counterclaims, which necessarily made those counterclaims live.").

Because this case is not a summary judgment, no cause of action became live on remand. All the trial court needed to do was to take the ministerial action of signing a final judgment that remanded the case to the Commission for further proceedings consistent with this Court's opinion.

Another case cited by the District is even farther from the facts of this case. The appellant in *Southwest Galvanizing* was awarded attorney's fees in its initial appeal. *Sw. Galvanizing, Inc. v. Eagle Fabricators, Inc.*, 447 S.W.3d 473, 478 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Thus, on remand the trial court had no option but to award attorney's fees.

## C. This Court's opinion declined the District's request for Section 15.003 fees.

### 1. The District failed to assign the fees issue as error in its first appeal.

Because the District neither listed nor briefed a request for Section 15.003 fees in its initial appeal, it waived those issues. *See Valadez v. Avitia*, 238 S.W.3d 843, 844–45 (Tex. App.—El Paso 2007, no pet.) (finding waiver of issues that were neither listed nor briefed).

Although the District included a request for Section 15.003 fees in the prayer of its appellant's brief in the first appeal, it failed to include an issue or any briefing to support that prayer.[19] But, because Section 15.003 was in the District's prayer,[20] the Commission's appellee's brief included arguments as to why the District was not entitled to recover Section 15.003 fees. Even in the face of the Commission's briefing on the matter, the

---

[19] Brief of the Appellant Harris County Hospital District at 43, *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV (Mar. 7, 2011).

[20] *Id.* at 44.

11

District failed to address any of those arguments in its reply brief.[21]  Thus, there was a total failure by the District to brief the issue.

This stands in contrast to the facts in *Texas Education Agency v. Maxwell*, 937 S.W.2d 621, 623 (Tex. App.—Eastland 1997, writ denied). There, the appellees preserved their request for attorney's fees by a cross-point.  But here, the District failed to preserve any Section 15.003 issue in its first appeal.

A more analogous case is *State v. Anderson Courier Service*, 222 S.W.3d 62 (Tex. App.—Austin 2005, pet. denied), where this Court refused to allow attorney's fees on remand.  Although *Anderson Courier* arose as a declaratory judgment action attacking the constitutionality of a statute, the lack of a fee issue on appeal is analogous to this case.

In *Anderson Courier*, the trial court initially held the statute constitutional.  But on appeal this Court held the statute unconstitutional and remanded to the trial court.  Anderson Courier, which had lost in the trial court, did not address the question of attorney's fees in its initial appeal, but requested them on remand.  When the remand decision was appealed, this Court noted that although Anderson Courier had requested attorney's fees at the initial trial, because the issue was not raised on

---

[21] Appellant Harris County Hospital District's Reply to Brief of Appellee, *Harris Cnty. Hosp. Dist. v. Pub. Util. Comm'n*, No. 03-10-00647-CV (Jun. 9, 2011).

appeal, there was no reason for this Court to remand the attorneys fees question to the trial court.  *Id.* at 66.

Although the Court is dealing with a different statute in this case, the fact that the District did not support its prayer for Section 15.003 fees in the first appeal with an issue and argument is reason enough for the Court to have declined the request.  *See Valadez v. Avitia*, 238 S.W.3d at 844–45 (finding waiver of issues that were neither listed nor briefed).

### 2. The District misinterprets Footnote 6 in the Court's first opinion.

Footnote 6 in the Court's prior opinion does not support a holding that the Section 15.003 fees issue was remanded to the trial court.  Only part of the footnote concerns Section 15.003 because the footnote addresses two distinct requests the District made in its prior appeal:  1) that this Court order the Commission to adopt the administrative law judge's proposal for decision without change;[22] and 2) that the Court award fees for the District's attorneys and experts under Section 15.003.[23]  Regarding the issue on appeal, the footnote states:  "To the extent that the District seeks to have this Court … award it expert's fees and attorney's fees, we decline to do so."  *Harris Cnty. Hosp. Dist.*, 2012 WL 2989228 at *7 n.6.  Although

---

[22]  C.R. 114.

[23]  C.R. at 90.

13

the Court cited several authorities for this sentence, the first two citations do not apply to Section 15.003.

Instead, they concerned the District's request that the Court order the Commission to adopt the ALJ's proposal for decision:

1. Texas Government Code § 2001.174(2), which states that the court "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions" violate any of six requirements.

2. *Ford Motor Co. v. Butnaru*, 157 S.W.3d 142, 149 (Tex. App.—Austin 2005, no pet.) cited for the proposition that: "In a suit for judicial review of an agency action, the reviewing court is empowered to issue only a general remand when it finds error that prejudices an appellant's substantial rights."

Both of these apply only to actions of the Commission. But as the District admits, Utilities Code Section 15.003(b) directs the court, not the Commission, to determine fees, and to award them against the "regulation fund." Tex. Util. Code § 15.003(a).

The only citation in the Court's Footnote 6 that applies to Section 15.003 is that statute itself. Given that the District made no arguments about the

14

applicability of Section 15.003 and that the Commission explained in its brief why that statute did not apply, a citation to the statute supports the conclusion that this Court was not remanding the case to the trial court for a Section 15.003 fee decision.

But the most persuasive indication of this Court's intent is the lack of a remand of the Section 15.003 claims. Had the Court intended that Section 15.003 fees be addressed on remand, it would surely have said so in its opinion, judgment, and mandate.

### 3. Section 15.003 does not authorize payment of fees to the District for attorneys and experts in this case.

#### a. The District's proceeding at the Commission does not fit within the terms of Section 15.003.

The District's case does not come within the plain language of any right to recover fees under Section 15.003(a) of the Utilities Code. It applies to "[a] party represented by counsel who alleges that existing rates are excessive or that rates prescribed by the commission are excessive," Tex. Util. Code § 15.003(a), but nowhere in District's the complaint did it assert that AT&T's existing rates were excessive or that they should be changed.[24] In fact, by the District's own admission, its complaint had nothing at all to

---

[24] Docket 34332 A.R. (May 23, 2007) (Complaint of Harris County Hospital District Against AY&T Texas) available at http://interchange.puc.state.tx.us/WebApp/Interchange/Documents/34332_1_551225.PDF.

do with AT&T's tariffed rates.[25]  And, in granting the District's complaint,

the Commission did not determine that AT&T's rate schedules required

amendment or were otherwise unreasonable.  The Commission simply

agreed with the District that the Prompt Payment Act prevailed over the

Public Utility Regulatory Act and limited amounts the District owed for late

payments.[26]  The plain language of Section 15.003(a) does not authorize

recovery of fees and costs in this case.

### b. The District cannot be awarded attorney's fees and costs because the Legislature has neither created a regulation fund nor appropriated money for such a fund and has not waived the Commission's immunity.

Even had the District not waived any Section 15.003 right and the Court

not already decided against the District's Section 15.003 issue, the District

still could not obtain the relief it requests because the Legislature has never

established a regulation fund.  *See* Tex. Util. Code § 15.003 revisor's note

---

[25]  *Id.* at p. 4 of 10 ("Complainant is not subject to AT&T's late fees under its tariff because Texas law prescribes another late fee structure for all Political Subdivisions.").

[26]  Docket 34332 A.R. (July 16, 2008) (Order Denying Appeal of Order No. 19) available at http://interchange.puc.state.tx.us/WebApp/Interchange/Documents/34332_162_58987 1.PDF.

16

(stating "Although the regulation fund does not exist, the revised law retains the reference to retain whatever meaning it may have.").[27]

Section 15.003 of the Utilities Code mentions a "regulation fund," but no statute creates such a fund. This stands in stark contrast to other funds associated with the Commission. For example, all of Subchapter 56 of the Public Utility Regulatory Act is devoted to the universal service fund. Tex. Util. Code §§ 56.001–.301. Section 56.021 establishes that fund. And the system benefit fund is established by Utilities Code Section 39.903. It describes the system benefit fund at length, including the statement that it "is an account in the general revenue fund." Tex. Util. Code § 39.903(a). Section 39.903 also describes the source of the system benefit fund[28] and how it is to be administered and used.[29] Clearly the Legislature knows how to create a fund. But no such creation language exists for the "regulation fund."

---

[27] The revisor's note was added when the Public Utilities Regulatory Act was codified as part of the Utilities Code. 97 Laws, 75th R.S., ch. 166, § 1, 1997 Tex. Gen. Laws 713–1018.

[28] Tex. Util. Code § 39.903(b) ("The system benefit fund is financed by a nonbypassable fee set by the commission in an amount not to exceed 65 cents per megawatt hour. The system benefit fund fee is allocated to customers based on the amount of kilowatt hours used.").

[29] *Id*. at § 39.903(d)–(*l*).

In addition to the lack of legislation creating the fund, it has never been funded by the Legislature.  *See* Tex. H.B. 1, 84th Leg., R.S. (2015) (current appropriations bill without any "regulation fund"); *see also* Tex. Util. Code § 15.003 revisor's note (stating "Although the regulation fund does not exist, the revised law retains the reference to retain whatever meaning it may have.").

Because the regulation fund does not exist, and because the Legislature has not appropriated any money for use in that fund, the District cannot demonstrate the requisite consent by the State to be subject to liability, and any claim is thus barred by sovereign immunity. *See Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 414 (Tex. 1997), *superseded by statute on other grounds,* Tex. Gov't Code § 2260.001-.008 (J. Hecht concurring) (recognizing that absence of legislative appropriation is fatal to suit against the State, even where the Legislature may have waived sovereign immunity from suit.)

## Prayer

The Commission asks the Court to affirm the district court's judgment. The Commission asks the Court for such other relief as it may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Division Chief
Environmental Protection Division

*/s/ Elizabeth R. B. Sterling*
Elizabeth R. B. Sterling
Assistant Attorney General
Texas State Bar No. 19171100
elizabeth.sterling@texasattorneygeneral.gov

Environmental Protection Division
Office of the Attorney General
P.O. Box 12548, MC-066
Austin, Texas  78711-2548
512.463.2012
512.457.4616 (fax)

COUNSEL FOR PUBLIC UTILITY
COMMISSION OF TEXAS

19

## Certificate of Compliance

I certify that the foregoing computer-generated document has 4,003 words, calculated using the computer program WordPerfect 12, pursuant to Texas Rule of Appellate Procedure 9.4.

_/s/ Elizabeth R. B. Sterling_
Elizabeth R. B. Sterling

## Certificate of Service

I hereby certify that on this the 26th day of October 2015, a true and correct copy of the foregoing document was served on the following counsel electronically, through an electronic filing service and by email:

/s/ *Elizabeth R. B. Sterling*
Elizabeth R. B. Sterling


Bruce S. Powers
Harris County Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
713.274.5144
713.755.8924 (fax)
bruce.powers@cao.hctx.net

**ATTORNEYS FOR HARRIS COUNTY HOSPITAL DISTRICT**

/s/ *Elizabeth R. B. Sterling*
Elizabeth R. B. Sterling

# APPENDIX A

**Filed in The District Court of Travis County, Texas**

**MAR 27 2015**

At _____9:59_____ A. M.

Velva L. Price, District Clerk

CAUSE NO. D-1-GN-09-002116

| | | |
|---|---|---|
| HARRIS COUNTY HOSPITAL DISTRICT, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V.. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| PUBLIC UTILITY COMMISSION | § | |
| OF TEXAS, | § | |
| Defendant. | § | 250th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On January 22, 2015, the Court considered two motions filed by the Harris County Hospital District (District): 1) Motion for Order Remanding Overbilling Claims to the Public Utility Commission of Texas and 2) Motion to Sever Claims for Attorney and Expert Fees and Costs and to Abate the Severed Claims. All parties appeared through counsel. The Court, having considered the briefs, the pleadings, the argument of counsel, and the opinion, judgment, and mandate of the Court of Appeals for the Third District of Texas sitting in Austin, hereby denies the motion to Sever Claims for Attorney and Expert Fees and Costs and to Abate the Severed Claims. The Court further orders that the Commission's Docket 34332, *Complaint of Harris County Hospital District Against Sw. Bell Telephone, LP d/b/a AT&T Texas*, be remanded to the Commission for proceedings in accord with the opinion and judgment of the Court of Appeals for the Third District of Texas.

Although this Court previously affirmed the Commission's Docket 34332 final order, the Austin Court of Appeals reversed that decision in *Harris County*

*Hospital District v. Public Utility Commission*, 2012 WL 2989228 (Tex. App.—Austin 2012, no pet.) (mem. op., not designated for publication).

The Court finds that, although the Court of Appeals reversed this Court's judgment affirming the Commission's order, the Court of Appeals declined the District's claims under Texas Utilities Code § 15.003 for attorneys and expert witnesses and other costs for the party's efforts before the Commission and the court. Therefore, the Court denies the District's request to sever that claim into a different lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Hospital District's Motion to Sever Claims for Attorney and Expert Fees and Costs and to Abate the Severed Claims is denied.

IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED that the Final Order of the Public Utility Commission in Docket 34332 is REVERSED and remanded to the Commission for further proceedings consistent with the opinion of the Austin Court of Appeals in this case.

IT IS FURTHER ORDERED that, in accord with the Court of Appeals' mandate, the Public Utility Commission of Texas pay all costs relating to the appeal, both in the Court of Appeals and in this Court. All relief not specifically granted herein is denied. This judgment is final, disposes of all claims and all parties, and is appealable.

Signed this 27th day of __March_____, 2015.

_____
Amy Clark Meachum, Judge Presiding

Approved as to Form

_____
Elizabeth R. B. Sterling
Assistant Attorney General
Attorneys for the Public Utility Commission of Texas

Approved as to Form Only

_____
Thomas R. Bray
Attorneys for Harris County Hospital District

3

# APPENDIX B

# MANDATE

THE STATE OF TEXAS

TO THE 250TH DISTRICT COURT OF TRAVIS COUNTY, GREETINGS:

Trial Court Cause No. D-1-GN-09-002116

      Before our Court of Appeals for the Third District of Texas on July 13, 2012, the cause on appeal to revise or reverse your judgment between

Harris County Hospital District

No. 03-10-00647-CV     v.

The Public Utility Commission of Texas

Was determined, and therein our Court of Appeals made its order in these words

**THIS CAUSE** came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was error in the trial court's judgment: **IT IS THEREFORE** considered, adjudged and ordered that the judgment of the trial court is reversed, and that the cause is remanded to the trial court with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion. It is **FURTHER** ordered that the appellee pay all costs relating to this appeal, both in this Court and the court below; and that this decision be certified below for observance.

Wherefore, we command you to observe the order of our Court of Appeals in this behalf and in all things have the order duly recognized, obeyed, and executed.

Witness the Honorable J. Woodfin Jones, Chief Justice of the Court of Appeals for the Third District of Texas, with the seal of the Court affixed in the City of Austin on Friday, September 28, 2012.

JEFFREY D. KYLE, CLERK

By: _____
Amy Strother

# BILL OF COSTS

## TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### No. 03-10-00647-CV

**Harris County Hospital District**

**v.**

**The Public Utility Commission of Texas**

(No. D-1-GN-09-002116 IN 250TH DISTRICT COURT OF TRAVIS COUNTY)

| Type of Fee | Charges | Paid | By |
|---|---|---|---|
| SUPREME COURT CHAPTER 51 FEE | $50.00 | PAID | MARKETING ON HOLD |
| INDIGENT | $25.00 | PAID | MARKETIN ON HOLD |
| FILING | $100.00 | PAID | MARKETING ON HOLD |
| CLERK'S RECORD | $529.00 | UNKNOWN | |
| REPORTER'S RECORD | $75.00 | UNKNOWN | |
| SUPPLEMENTAL CLERK'S RECORD | $0.00 | UNKNOWN | |
| FILING | $10.00 | PAID | THOMAS R BRAY |
| FILING | $10.00 | PAID | THOMAS R BRAY ATTORNEY AT LAW |
| FILING | $10.00 | PAID | CHARLES W MCDONALD |
| FILING | $10.00 | PAID | OAG, ELIZABETH STERLING |
| REQUIRED TEXAS.GOV EFILING FEE | $4.00 | E-PAID | OAG |
| REQUIRED TEXAS.GOV EFILING FEE | $4.00 | E-PAID | THOMAS R. BRAY |
| REQUIRED TEXAS.GOV EFILING FEE | $4.00 | E-PAID | THOMAS R. BRAY |
| REQUIRED TEXAS.GOV EFILING FEE | $4.00 | E-PAID | AG - ENVIRNMNTAL PROTEC & ADMIN |
| REQUIRED TEXAS.GOV EFILING FEE | $4.00 | E-PAID | BRAY & ASSOCIATES |

**Balance of costs owing to the Third Court of Appeals, Austin, Texas: $0.00**

*Court costs in this cause shall be paid as per the Judgment issued by this Court.*

I, **JEFFREY D. KYLE, CLERK** OF THE THIRD COURT OF APPEALS OF THE STATE OF TEXAS, do hereby certify that the above and foregoing is a true and correct copy of the cost bill of THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS, showing the charges and payments, in the above numbered and styled cause, as the same appears of record in this office.

**IN TESTIMONY WHEREOF,** witness my hand and the Seal of the **COURT OF APPEALS** for the Third District of Texas on September 28, 2012.

**JEFFREY D. KYLE, CLERK**

By: _____
Amy Strother, Deputy Clerk

# APPENDIX C

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED JULY 13, 2012

## NO. 03-10-00647-CV

### Harris County Hospital District, Appellant

### v.

### The Public Utility Commission of Texas, Appellee

---

**APPEAL FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
BEFORE JUSTICES PURYEAR, ROSE AND GOODWIN
REVERSED AND REMANDED -- OPINION BY JUSTICE GOODWIN**

---

**THIS CAUSE** came on to be heard on the record of the court below, and the same being considered, because it is the opinion of this Court that there was error in the trial court's judgment: **IT IS THEREFORE** considered, adjudged and ordered that the judgment of the trial court is reversed, and that the cause is remanded to the trial court with instructions that the case be remanded to the Commission for further proceedings consistent with this opinion. It is **FURTHER** ordered that the appellee pay all costs relating to this appeal, both in this Court and the court below; and that this decision be certified below for observance.