

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CASA FORD, INC., | § | No. 08-20-00089-CV |
| Appellant, | § | Appeal from the |
| v. | § | 327th Judicial District Court |
| JOHN L. WARNER, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2019-DCV-4643) |

## SUBSTITUTED OPINION

Appellee's Motion for Rehearing is hereby denied. The opinion issued on August 23, 2021 is withdrawn, and the following is the substituted opinion of this Court.

Arguing that the arbitration agreement at issue is valid and Appellee's (the "Employee") age discrimination claim falls within the agreement, Appellant Casa Ford, Inc. (the "Company") appeals the trial court's order denying its motion to stay proceedings and compel arbitration. We reverse the trial court's ruling, uphold the arbitration agreement, strike the attorneys' fees provisions, and remand to the trial court to enter an order consistent with this opinion.

## BACKGROUND

After decades on the job, the Employee agreed to the Company's Federal Arbitration Act-based arbitration policy (the "Agreement" or "Arbitration Agreement") as a condition of continued employment. When the Employee was terminated and filed an

age discrimination claim, the Company filed a motion to compel arbitration. The Employee disputed the validity of the Agreement before the trial court on the basis of substantive unconscionability due to two provisions requiring Employee to pay his own attorneys' fees. Specifically, the Agreement states:

> You and the Company will be responsible for the fees and costs of your own legal counsel, if any, and any other expenses and costs, such as costs, associated with witnesses or obtaining copies of hearing transcripts.
>
> .     .     .
>
> *Representation by Counsel*: Both you and the Company may be represented by counsel at arbitration at each parties' own expense.

However, the Agreement also states the arbitrator "has the authority to award any remedy that would have been available to you had you litigated the dispute in court under applicable law."

The applicable law in this case pertains to an age discrimination claim under the Texas Commission on Human Rights Act—Texas Labor Code Chapter 21, wherein an Employee may pursue attorneys' fees. TEX.LAB.CODE ANN. § 21.259. Attorneys' fees should be awarded to the prevailing plaintiffs in civil rights cases to the degree necessary to fairly compensate attorneys for the value of their work. *See e.g.*, *Blanchard v. Bergeron*, 489 U.S. 87, 95-96 (1989)(supporting appropriate attorney compensation to encourage successful civil rights litigation for the benefit of the aggrieved and society at large); *Pitts v. Dallas County Bail Bond Board*, 23 S.W.3d 407, 419 (Tex.App.—Amarillo 2000, pet. denied)(op. on reh'g)(using U.S. Supreme Court guidance on section 1988 claims to support attorney fees award to prevailing civil rights plaintiff absent special circumstances for denial); *Texas Education Agency v. Maxwell*, 937 S.W.2d 621, 623 (Tex.App.— Eastland 1997, pet. denied)(supporting the award of attorneys' fees when plaintiffs'

constitutional rights were found to have been violated); *Black v. Pan Am. Labs, L.L.C.*, No. A-07-cv-924-ly, 2012 WL 12950044, at *2 (W.D. Tex. Feb. 15, 2012)(reinforcing that "a prevailing plaintiff in a civil-rights action is presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust" in an employment discrimination case).

## DISCUSSION

*Issues*

Appellant's issues are whether the Arbitration Agreement provisions requiring each party to pay its own attorney's fees substantively unconscionable, and if so, are the provisions severable from the Agreement? Did the trial court err in denying the company's motion to stay proceedings and compel arbitration?

*Applicable Law*

Arbitration agreements regarding disputes between employers and employees are generally enforceable, and favored, if there is valid contract covering the employee's claim. *See In re Poly–America, L.P.,* 262 S.W.3d 337, 348 (Tex. 2008); *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999)(per curiam). The Federal Arbitration Act (the "FAA") provides that a written agreement to arbitrate a controversy is valid and enforceable except when equitable or legal grounds call for its revocation. 9 U.S.C.A. § 2; *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 739 (Tex. 2005).

Once an employer establishes that an arbitration agreement covering an employee's claim exists, an employee opposing arbitration must show a defense to enforcing the agreement. *See In re Poly–America, L.P.,* 262 S.W.3d at 348. The defense at issue in the present case is substantive unconscionability. Substantive unconscionability here addresses fairness and public policy as reflected in the underlying claim's statute and whether a

3

complainant would be able to realize his statutory rights and remedies within the context of arbitration. *See e.g.*, *In re Olshan Foundation Repair Co., LLC.*, 328 S.W.3d 883, 892 (Tex. 2010); *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010); *Security Service Federal Credit Union v. Sanders*, 264 S.W.3d 292, 297-98 (Tex.App.—San Antonio 2008, no pet.).

The courts determine arbitration agreement validity according to standard contract principles while favoring arbitration, rendering an agreement to arbitrate invalid only when it contains substantively unconscionable material terms. *See J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227-28 (Tex. 2003); *Wright v. Hernandez*, 469 S.W.3d 744, 756 (Tex.App.—El Paso 2015, no pet.). If the substantively unconscionable provisions do not constitute the agreement's main purpose, courts may sever an illegal or an unenforceable provision and enforce the remainder of the agreement. *Hoover Slovacek L.L.P. v. Walton,* 206 S.W.3d 557, 565 (Tex. 2006); *Rogers v. Wolfson*, 763 S.W.2d 922, 925 (Tex.App.—Dallas 1989, writ denied).

*Standard of Review*

We review the trial court's determination *de novo,* as the issue on appeal regards the validity and enforceability of an arbitration agreement. *See J. M. Davidson, Inc.*, 128 S.W.3d at 227; *In re Labatt Food Serv., L.P.,* 279 S.W.3d 640, 643 (Tex. 2009)(orig. proceeding); *ReadyOne Industries, Inc. v. Casillas*, 487 S.W.3d 254, 258 (Tex.App.—El Paso 2015, no pet.); *see generally* TEX.CIV.PRAC.&REM.CODE ANN. § 51.016 ("In a matter subject to the Federal Arbitration Act, a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court" [Internal citation omitted]).

*Arbitration Agreement*

4

In the present case, the facts are undisputed. The Company met its initial burden to show, and the Employee did not dispute, that an arbitration agreement exists and the Employee's age discrimination claim lies within its parameters.

*Substantive Unconscionability*

After showing an existing arbitration agreement was applicable to the Employee's claim, the burden shifted to the Employee to show a defense to enforcing the agreement. Here, the Employee argues that the Agreement is substantively unconscionable based on the two provisions requiring each party to pay its own attorneys' fees despite the litigant's right for a court to award a reasonable attorneys' fees as part of the costs to a prevailing plaintiff in an age discrimination action under Texas Labor Code section 21.259. The Company posits the attorneys' fees provisions are not unconscionable because they simply state the American Rule. The Employee argues because the attorneys' fees provisions are clear, specific, and unqualified, the parties are obligated to pay their own attorneys' fees.

We agree with the Employee's interpretation of the attorneys' fees provisions despite the provision generally authorizing the arbitrator to award remedies. The two attorneys' fees provisions embedded in the Arbitration Agreement effectively disavow the Employee of his statutory right for the arbitrator to exercise their discretion under Texas Labor Code section 21.259(a) to award attorneys' fees by clearly and specifically taking attorneys' fees out of the scope of an arbitration award.

"By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985)*.* In *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 478 (5th Cir. 2003), the Fifth Circuit rendered unconscionable a provision eliminating punitive damages for Title VII discrimination claims because it abridged an employee's statutory rights. In *Security Services Federal Credit Union*, 264 S.W.3d at 300–01, our sister court similarly rendered unconscionable a provision eliminating statutory remedies available under the Deceptive

5

Trade Practices Act. Additionally, in *In re Poly-America, L.P.*, 262 S.W.3d at 352, the Texas Supreme Court held unconscionable arbitration agreement provisions eliminating reinstatement and punitive damages available under the Worker's Compensation Act because the remedies are a "non-waivable legislative system for deterrence necessary to the nondiscriminatory and effective operation of the Texas Workers' Compensation system as a whole."

Awarding a prevailing plaintiff attorneys' fees in a claim under Texas Labor Code section 21.259 is part of a measured legislative decision for the public policy purpose of endeavoring to eliminate discrimination in the workplace by making the complaint process accessible to employees who have been aggrieved. *See e.g.*, *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 137–38 (Tex.App.—El Paso 2018, no pet.); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)("The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances.")(quoting H.R.Rep. No. 94-1558, p. 1 (1976)). We have previously found contract provisions are substantively unconscionable when they deny a statutory remedy that exists for the public policy purpose of deterring certain behavior. *See Ridge Nat. Res., L.L.C.*, 564 S.W.3d at 135–36.

If we were to allow arbitration agreement provisions requiring each party to pay its own attorneys' fees without regard for a finding of liability against the employer, we would be undercutting the legislature's intent by allowing employers to simply move these claims to an arbitral forum. *Id.* The Texas Supreme Court has explained "it would be unconscionable for an arbitration agreement to mandate arbitration of a statutory claim and at the same time eliminate the rights and remedies afforded by the statute." *Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 229 (Tex. 2014). Accordingly, we find the attorneys' fees provisions in the Arbitration Agreement are substantively unconscionable. Appellant's first issue is overruled.

*Severability*

6

The next question is whether the entire Arbitration Agreement is invalid or whether the attorney fee provisions should be severed, and the Agreement saved. The answer turns on whether the main purpose of the Agreement would be maintained absent the attorney fee provisions. *See Hadnot,* 344 F.3d at 478; *Williams v. Williams*, 569 S.W.2d 867, 871 (Tex. 1978).

The Employee argues that the entire Arbitration Agreement is invalid and the attorneys' fees provisions may not be severed from the Agreement because (1) there is no severability clause in the Agreement, (2) the Agreement states it "can be changed, modified, or terminated only as specifically stated" in the Agreement, and the court cannot judicially rewrite the Agreement. Third, the Employee argues that the entire Arbitration Agreement is invalid because "the unconscionable limitation of [] remedies is in fact part of the main purpose of the arbitration policy . . . to limit [the Company's] liability exposure to employees." The Employee argues that considering the Arbitration Agreement's purpose simply to arbitrate rather than to litigate is a superficial approach not considering the "why" behind the policy as evidenced by the agreement language stating, "'Casa Ford believes that it is in the best interests of both its employees and the Company to resolve those disputes in a forum that provides the fastest, least expensive and fairest method for resolving them.'" The Employee argues the agreement term "abrogating employees' statutory remedies is thus part and parcel of [the Company's] stated purpose of resolving disputes in the 'least expensive' manner, not just a peripheral provision."

The Company acknowledges there is no severability clause in the Agreement. However, the Company argues if the court finds the attorneys' fees requirements substantively unconscionable, it should sever the provisions, as the main purpose of the Agreement is to arbitrate employment disputes; moreover, given that the Agreement also provides for the arbitrator to award remedies allowed in the litigation process, the Company

7

would have entered into the Agreement without the attorneys' fees provisions.

While a severance clause evidences the parties' intent for a contract to survive specific invalid provisions, courts have relied on their inherent power to sever nonessential unconscionable contract provisions. *See e.g.*, *Venture Cotton Co-op.*, 435 S.W.3d at 230; *Hadnot*, 344 F.3d at 478. To determine whether provisions are nonessential to the contract, the relevant inquiry is whether the parties would have contracted absent the unconscionable provision(s) and whether the main purpose of the Agreement would be maintained absent the attorney fee provisions. *Ridge Nat. Res., L.L.C.*, 564 S.W.3d at 139; *In re Kasschau*, 11 S.W.3d 305, 313 (Tex.App.—Houston [14th Dist.] 1999, no pet.). *See also Hadnot*, 344 F.3d at 478; *Williams*, 569 S.W.2d at 871.

Although the Agreement articulates the Company's "belief" that arbitration provides "the fastest, least expensive and fairest method" of resolution, we do not equate that to the proposition that the attorneys' fees provisions were the main purpose of the agreement nor that the parties would not have agreed but for the attorneys' fees provisions. Because the Employee is better off with the attorney fee provisions severed, we cannot conclude that the Employee would have quit his job rather than be subjected to the same Arbitration Agreement less its unconscionable attorneys' fee provisions. Similarly, the Company's assertions that (1) the purpose of the Arbitration Agreement is to arbitrate employment disputes and (2) another part of the Agreement states that the arbitrator "has the authority to award any remedy that would have been available to you had you litigated the dispute in court under applicable law" leads us to conclude that it would have entered into the Arbitration Agreement notwithstanding the attorneys' fees provisions.

We understand the main purpose of the Arbitration Agreement to be to arbitrate employment disputes. Given Texas precedent favoring arbitration as an intended lower-cost, expedited way to resolve disputes compared to litigation, severing the invalid clauses rather

8

than invalidating the entire Arbitration Agreement is the appropriate judicial action when severance does not take from the main purpose of the agreement. *Ridge Nat. Res., L.L.C.,* 564 S.W.3d at 139*; In re Poly-America, L.P.*, 262 S.W.3d at 347, 360. Appellant's second issue is sustained.

### *Holding*

Because the Arbitration Agreement contains nonessential provisions which, in contravention of the Employee's statutory remedies, unconditionally mandate that each party pay its own attorneys' fees, we exercise our inherent power to sever or strike those unconscionable provisions and render the remaining Arbitration Agreement legally valid. Appellant's third issue is sustained.

## CONCLUSION

Accordingly, we reverse the trial court's judgment, sever the two attorneys' fees provisions from the Arbitration Agreement, and remand with instructions to the trial court to enter an order consistent with this opinion.

November 30, 2022                                    YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, J., and Larsen, Senior Judge
Larsen, Senior Judge (Sitting by Assignment)
Palafox, J., Would Dissent

9